IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00502-M-RJ

T.B., *a minor, by and through his Guardian Ad Litem, Andrew Boyde*,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

ORDER

This matter comes before the court on the United States and the United States Department of Agriculture's ("USDA") (collectively "Defendants") Motion to Dismiss or, alternatively, Motion for Summary Judgment [DE 18]. United States Magistrate Judge Robert B. Jones, Jr. prepared a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the court grant summary judgment in favor of Defendants. *See* DE 32 at 7. The M&R, along with instructions and a deadline for filing objections, was served on the parties on June 8, 2026. *See id.* On June 22, 2026, Plaintiff filed an objection. *See* DE 33. For the following reasons, Plaintiff's objections are overruled, and Defendants' motion is granted.

**I. Background**

Plaintiff, a minor represented by his Guardian Ad Litem, Andrew Boyd, initiated this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, seeking review of the USDA's decision not to allow two of its former employees, Robbie Haskins and Joseph Marino, to testify at an upcoming state trial in Wilson County Superior Court. *See* DE 4 at ¶ 8. In the underlying state action, Plaintiff has sued a pork processing plant and other individuals alleging

that a one-inch long 18-guage steel injection needle became lodged in his throat after he bit into a piece of pork. *See* DE 17-2 at 29, 32. Plaintiff alleges that the pork in question was packaged at a federally inspected facility in Warsaw, North Carolina. DE 4 at ¶ 10.

On July 7, 2025, Plaintiff's counsel issued subpoenas to Haskins and Marino commanding them to appear and testify at the upcoming state trial, which was then scheduled to commence on September 15, 2025. *See* DE 17-2 at 131–38. On July 24, 2025, Plaintiff's sent two letters to the USDA, requesting that it grant Haskins and Marino leave to comply with the subpoenas. *See id.* at 142–53. The nature of the sought-after testimony is as follows:

> (1) Confirmation that [Haskins' and Marino's] official duties included visual inspection for disease, sanitary conditions, and carcass defects, but did not extend to internal, nonvisible hazards such as broken injection needles; (2) Description of FSIS's hog-carcass inspection sequences (head removal, evisceration, organ examination, carcass grading); (3) Clarification that FSIS does not operate X-ray or metal-detection equipment on the slaughter line and that foreign object detection is expressly assigned to the processor under the facility's HACCP plan (9 C.F.R. § 417.2); [and] (4) Identification of any FSIS directives, bulletins, or training materials he received concerning processors' responsibility for foreign object control.

*Id.* at 144, 150 (punctuation altered). On August 7, 2025, the USDA notified Plaintiff's counsel that the request for testimony had been denied. *See id.* at 161. In relevant part, the USDA reasoned that:

> Pursuant to 7 C.F.R. Subpart K, when an employee of USDA is subpoenaed or asked to appear on behalf of a party other than the United States in a judicial or administrative proceeding in which the United States is not a party, the employee may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such appearance is in the interest of USDA. As provided in 7 C.F.R § l.212(a), "It is the Department's general policy not to allow its employees to provide official information or testimony relating to official information in response to a demand." Notwithstanding the Department's general policy, "the Department will consider a demand submitted in accordance with this subpart and issue a decision to grant or deny the demand." FSIS has considered the applicable regulatory factors set forth in 7 C.F.R. § 1.220 and has decided to adhere to the Department's general policy and deny this demand.

> The definition of the term "employee" under the Touhy regulations includes "former Department employees where the demand seeks testimony relating to official information acquired while the person was an employee of the Department." 7 C.F.R § 1.211. Your demand is seeking testimony from Dr. Haskins and Mr. Marino. Due to the nature of the testimony sought, Dr. Haskins and Mr. Marino, although former employees, would be testifying as to official information related to the official business of the Department, as you indicated in your demand that each would be asked questions pertaining to their official duties as a SPHV and CSI, and the process for inspection. Any testimony or opinion by Dr. Haskins or Mr. Marino in a state court case against a Federally-inspected establishment could be misinterpreted as official Agency policy, or may give the impression that the Agency is favoring one party over the other and could place the Agency in a position that unjustifiably detracts from its regulatory responsibilities and its need to maintain impartiality between consumers and a regulated entity.
>
> Furthermore, neither Dr. Haskins nor Mr. Marino appear to have specific knowledge of the events or alleged incident. Moreover, If Dr. Haskins or Mr. Marino did appear at the trial, the Government may be required to expend resources to have legal counsel present to ensure that any testimony provided by Dr. Haskins or Mr. Marino does not reveal confidential information *(e.g.*, confidential business information) and does not otherwise result in harm to the Agency. Furthermore, the former employees' testimony could lead to further demands to obtain further information or trial testimony from current or former FSIS employees, which would be unduly burdensome to FSIS and would require the devotion of limited agency resources to non-Federal government purposes. Accordingly, the Agency denies your demand.

*Id.* at 161–62.

On August 19, 2025, Plaintiff initiated this action. *See* DE 1. On November 11, 2025, Defendants filed the administrative record, *see* DE 17, and contemporaneously moved for summary judgment. *See* DE 18. Plaintiff filed a response in opposition, *see* DE 28, and Defendants filed a reply. *See* DE 31. On June 8, 2026, Judge Jones filed an M&R recommending that the motion be granted. Plaintiff filed an objection to that recommendation. *See* DE 33. In this posture, the motion is ripe for review.

## II. Legal Standard

### A. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

### B. Administrative Procedure Act

The APA authorizes persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" to bring suit in federal court. 5 U.S.C. § 702. A reviewing court must set aside challenged "agency action, findings, and conclusions" if it finds that they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law[.]" 5 U.S.C. § 706(2)(A). Agency action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency,

or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). "Review under this standard is highly deferential, with a presumption in favor of finding the agency action valid." *Ohio Valley Env't Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citations omitted). And while courts must be careful not "to reduce judicial review to a 'rubber-stamp' of agency action," *id.*, neither may they "substitute [their] judgment for that of the agency[.]" *Motor Vehicle Mfr. Ass'n of the United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 30 (1983).

The agency action at issue in this case is the USDA's refusal to authorize its former employees to testify at Plaintiff's upcoming state trial. The department denied Plaintiff's request after considering the factors set forth in 7 C.F.R. § 1.220. *See* DE 17-2 at 161–62. These types of regulations "are often termed *Touhy* regulations, in reference to the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)." *Attkisson v. Bridges*, No. 1:20-cv-00068-JRR, 2024 WL 449295, at *2 n.3 (D. Md. Feb. 6, 2024) (internal case citation altered). In *Touhy*, the Supreme Court recognized "the authority of agency heads to restrict testimony of their subordinates by this type of regulation." *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). "When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency resources." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999). "This compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation." *Id.*; *see also Boron Oil Co.*, 873 F.2d at 70 (noting that this discretion serves "minimize government involvement in controversial matters

unrelated to official business"). When an agency refuses to permit its employees to comply with a subpoena, "the APA provides the sole avenue for review." *COMSAT Corp.*, 190 F.3d at 274.

"APA claims are 'adjudicated without a trial or discovery, on the basis of the existing administrative record[.]'" *Am. Fed. of Teachers v. Dep't of Educ.*, 796 F. Supp. 34 66, 89 (D. Md. 2025) (quoting *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. Dep't of Transp.*, 524 F. Supp. 2d 642, 659 (D. Md. 2007)). Accordingly, summary judgment under Federal Rule of Civil Procedure 56 is the appropriate "mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Nieves v. McHugh*, 111 F. Supp. 3d 667, 679 (E.D.N.C. 2015) (quoting *Ohio Valley Env't Coal. v. Hurst*, 604 F. Supp. 2d 860, 879 (S.D. W. Va. 2009)).

## III. Discussion

Defendants argue that summary judgment is appropriate because (1) Plaintiff's claims are moot and (2) as a matter of law, the USDA's decision not to allow its former employees to testify was neither arbitrary nor capricious. DE 19 at 1. Plaintiff argues that his claims are not moot because although the state trial has been continued, the issue presented in this case falls within the mootness doctrine's exception for issues "capable of repetition, yet evading review." DE 32 at 5. Further, as it relates to his APA claim, Plaintiff argues that the USDA's denial letter was arbitrary and capricious because it relied "almost entirely upon generalized policy objections, speculative concerns, and mischaracterizations of the testimony sought." *Id.* at 1.

Judge Jones found that Plaintiff's claims were not moot but that the USDA's denial letter was issued in accord with the APA. DE 32 at 6, 16. Plaintiff objected to Judge Jones' findings as it relates to his APA and declaratory judgment claims.[1] DE 33 at 2.

As a threshold matter, the court addresses two of Plaintiff's objections that concern the scope of the court's review. First, Plaintiff argues that Judge Jones should have held a hearing to determine "the nature of the inspectors' employment" before issuing an M&R. DE 33 at 3 (brackets omitted). For support he relies solely on the Fourth Circuit's decision in *Boron Oil*, which noted that the district court below had held such a hearing to "ascertain the nature of [the inspector's] employment, his involvement in the underlying tort action, and the extent to which his appearance as a witness would interfere with his official duties." *See Boron Oil Co.*, 873 F.2d at 68. The Fourth Circuit did not hold (or even imply), however, that such a hearing is required. *See id.* Under this district's local rules, motion hearings are held at the court's discretion. Local Civil Rule 7.1(j). Therefore, Judge Jones' decision not to hold a hearing, particularly when the nature of the inspectors' employment is not materially at issue, was proper.

Second, Plaintiff objects to the M&R to the extent "it does not follow the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) or finds that this case does not involve the USDA's interpretation of law." DE 33 at 5. Plaintiff makes no further argument beyond that statement, but in his initial brief, he argued that *Loper Bright* "requires independent judicial review of compliance with *Touhy*" and prevents agencies from adopting general policies not to allow their employees to comply with third-party subpoenas. DE 28 at 4–5. This argument

[1] Neither party objects to Judge Jones' finding that Plaintiff's claims are not moot. Upon careful review of that portion of the M&R and the record presented, and finding no clear error, the court adopts the recommendation of the magistrate judge as its own. *See Diamond*, 416 F.3d at 315.

misunderstands the law. In *Loper Bright*, the Supreme Court held that "[c]ourts must exercise their independent legal judgment in deciding whether an agency has acted within its statutory authority" and that "under the APA," courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright Enters.*, 603 U.S. at 412–13. This case does not involve the USDA's interpretation of its authorizing statute, which would receive no deference under *Loper Bright*, or its interpretation of its own governing regulations, which may still receive some deference under the Supreme Court's decision in *Auer v. Robbins*, 519 U.S. 452 (1997).[2] All parties are in agreement about what the relevant *Touhy* factors are; the only dispute is whether the USDA's application of those factors to the facts of this case was arbitrary and capricious. Accordingly, because this case does not involve a legal interpretation of an ambiguous statute, *Loper Bright* does not apply.

With these questions resolved, the court turns to Plaintiff's central objection, which is essentially that the USDA did not legitimately apply its *Touhy* factors to this case or accurately characterize the scope of Plaintiff's subpoena. *See* DE 33 at 3–6.

Under the USDA's *Touhy* regulation, "[n]o employee may provide official information or testimony relating to official information in response to a demand unless authorized by the Department." *See* 7 C.F.R. § 1.212(b). The USDA has a "general policy not to allow its employees to provide official information or testimony treating to official information in response to a demand." § 1.212(a). But, it will consider any request for testimony after consideration of the following nine factors:

---

[2] The Fourth Circuit has recognized that *Loper Bright* "calls into question the viability of *Auer* deference." *United States v. Boler*, 115 F.4th 316, 322 n.4 (4th Cir. 2024). However, because *Loper Bright* "dealt specifically with ambiguities in statutory directives to agencies," not internal regulations, the court treated *Auer* as if it were still controlling. *See id.*

> (1) Whether compliance with the demand would be unduly burdensome, disproportionate to the needs of the case, or otherwise inappropriate under the applicable rules of discovery or rules of procedure governing the legal proceeding underlying the demand; (2) Whether compliance with the demand is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) The public interest; (4) The need to conserve the time and expense of Department employees for the conduct of official business; (5) The need to avoid spending the time and money of the United States for non-Federal government purposes; (6) The need to maintain impartiality between private litigants in cases in which a substantial Department interest is not implicated; (7) Whether compliance with the demand would have an adverse effect on the Department's mission and duties; (8) The need to avoid involving the Department in issues not related to its mission; and (9) Any other factor the Department determines to be relevant to the interests of the Department.

7 C.F.R. § 1.220(a).

In this case, the rationale in the USDA's denial letter closely tracked these factors. It stated its concern that Haskins' and Marino's testimony could (1) be "misinterpreted as official Agency policy;" (2) "give the misimpression that the Agency is favoring one party over the other;" and (3) detract the USDA from its "need to maintain impartiality between consumers and a regulated entity." DE 17-2 at 162. It also reasoned that neither Haskins nor Marion "appear to have specific knowledge of the . . . alleged incident;" that the USDA "may be required to expend resources to have legal counsel present to ensure that any testimony provided . . . does not reveal confidential information;" and that permitting this testimony "could lead to further demands to obtain further information," thus requiring the devotion of even more "limited agency resources to non-Federal government purposes." *Id.* Each of these considerations was proper under the USDA's *Touhy* regulation. *See* § 1.220(a).

Plaintiff resists this conclusion by arguing that the USDA indicated that it would deny any *Touhy* demand letter. DE 33 at 3–4. For support, Plaintiff states that Defendants' prior counsel informed him "that the agency would deny *any* request for the testimony at issue," regardless of its merit. *Id.* at 3. Plaintiff provides no evidentiary support for this statement, and in any event,

under the APA, a reviewing court "may look only to . . . *contemporaneous* justifications" made "at the time the agency acted." *Dow AgroSciences LLC v. Nat'l Marine Fishers Serv.*, 707 F.3d 462, 467–68 (4th Cir. 2013) (emphasis in original). Accordingly, to the extent Plaintiff relies on evidence not in the administrative record, it is improper and given no weight by the court.

Plaintiff also argues that the USDA misapplied its own regulatory factors. Plaintiff repeatedly emphasizes that he is only seeking "several minutes of simple testimony" and that none of the testimony would be confidential, so the United States would not need to send legal counsel to the proceeding or otherwise expend any resources. DE 33 at 3–4. He also states that there will be no adverse effect on the USDA's mission and that the public interest would not be harmed by compliance with the subpoena. *Id.* Most of these statements are conclusory and do not truly wrestle with the USDA's rationale. For example, the USDA did not state that it believed that Plaintiff sought a significant volume of testimony. *See* DE 17-2 at 161–62. It recognized, however, that Plaintiff would question Haskins and Marino about "their official duties" as employees of FSIS and "the process for inspection" at the facility. *Id.* at 162. Given the nature of the underlying suit, the USDA found that the defendants in the state action "may have an incentive to cast blame on FSIS, by, for example, suggesting that FSIS's inspection of the at-issue meat was insufficient, or by improperly suggesting that it is the duty of FSIS inspectors to check for broken needles inside of inspected meat." *Id.* at 158, 162. In light of these concerns, it was not arbitrary for the USDA to recognize that it would have to send legal counsel alongside its former employees and potentially risk its reputation by allowing the employees to participate in a private civil suit that does not implicate the department. Measured against the USDA's "general policy not to allow its employees to provide official information or testimony," the court finds that the USDA reasonably applied its own regulatory factors. *See* § 1.212(a).

Plaintiff also suggests that Judge Jones' recommendation is contrary to the cases of *Dent v. Packerland Packing Co.*, 144 F.R.D. 675 (D. Neb. 1992) and *Schroeder v. United States Dep't of Veterans Affs.*, 673 F. Supp. 3d 1203 (D. Kan. 2023). DE 33 at 6. Plaintiff cited to both cases in his original brief, however, and Judge Jones persuasively explained why they are inapposite. *See* DE 32 at 14–16. In his objection, Plaintiff does not identify the error he believes Judge Jones committed; he merely objected to the finding that the cases are distinguishable. *See* DE 33 at 6. Because an objection must "direct the court to a specific error" in the M&R's rationale to trigger de novo review, the court declines to recite in full the facts of *Dent* and *Shroeder*. *See Orpiano*, 687 F.2d at 47. It suffices to say that the court has reviewed both cases and finds that Judge Jones accurately explained why they do not support Plaintiff's position.

At bottom, underlying Plaintiff's arguments is a general misunderstanding of the interaction between *Touhy* and the APA. "[I]t is sovereign immunity, not housekeeping regulations, that gives rise to the Government's power to refuse compliance with a subpoena." *COMSAT Corp.*, 190 F.3d at 277. The default rule is that a private citizen is not entitled to compel the federal government and its employees to participate in "subpoena proceedings." *Boron Oil Co.*, 873 F.2d at 71 (holding that "subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign"). The only reason this action may proceed at all is that the United States has partially waived its immunity through the APA, which provides the sole "proper method for judicial review of the agency's final decision" not to comply with a third-party subpoena. *United States v. Williams*, 107 F.3d 431, 434 (4th Cir. 1999). As previously noted, review under the APA is exacting, carrying with it a "presumption in favor of finding the agency action valid." *Ohio Valley Env't Coalition*, 556 F.3d at 192. This court is tasked, then, not with determining in the first

instance how it would apply the relevant *Touhy* factors, but rather, with determining whether in the USDA's application, it "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc.*, 463 U.S. at 43. Here, the record does not support that conclusion. Accordingly, the court finds that the USDA's decision not to allow its former employees to testify was neither arbitrary nor capricious and, thus, that Defendants are entitled to judgment as a matter of law on Plaintiff's APA claim.[3]

**IV. Conclusion**

For these reasons, Plaintiff's objections are OVERRULED, and the court ADOPTS the recommendation of the magistrate judge as its own. Accordingly, Defendants' Motion to Dismiss or, alternatively, Motion for Summary Judgment [DE 18] is GRANTED. The Clerk of Court is DIRECTED to enter judgment in favor of Defendants and thereafter close the case.

SO ORDERED this 21st day of August, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

[3] Plaintiff has also sought declaratory judgment that the USDA's denial letter was issued in violation of the APA. *See* DE 4 at 6. As Judge Jones and both parties have recognized, this claim is duplicative of Plaintiff's APA claim. Accordingly, for the reasons already explained, the court finds that Defendants are entitled to judgment in their favor on Plaintiff's claim for declaratory judgment.